```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RENZER BELL,                                               :
                                                           :
                    Plaintiff,                             :
                                                           :        Memorandum & Order
            v.                                             :
                                                           :        06 Civ. 4974 (LBS)
CARLSEN MOTOR CARS, INC., and                              :
RICHARD PASQUALI,                                          :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------x
```

SAND, J.,

On June 1, 2007, United States Magistrate Judge Douglas F. Eaton issued a Report and Recommendation to this Court in the present case. On July 5, 2007, Mr. Renzer Bell filed a Notice of Motion to Modify and/or Set Aside the Report and Recommendation of the Magistrate Judge and an Affidavit In Support of Motion. The Court has considered the numerous arguments raised by Mr. Bell in his affidavit and rejects each in turn.

At ¶¶ 1-6, Mr. Bell challenges the procedural adequacy of the defendant's letter notice of October 4, 2006, which raised the issue of Mr. Bell's ability to proceed *pro se* given the Second Circuit's holding in Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20 (2d Cir. 1983). He argues that because defendants improperly raised this additional point after their motion to dismiss in a letter notice, the Court's consideration of Jones violates his constitutional due process rights as well as the Federal Rules of Civil Procedure 12(g) and 12(h). Magistrate Judge Eaton already considered these procedural arguments and found them meritless. (Report and Recommendation ¶ 14).

At ¶ 8, Mr. Bell attempts to distinguish Jones by pointing out that "the corporate entity assigned its right to the legal action after the claims were before the Court."

However, the concern in <u>Jones</u> was not the timing of the assignment, but rather the threat to court integrity from allowing a layperson to appear for a corporate entity.  See <u>Jones</u>, 722 F.2d at 22 ("[T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court.").

At ¶¶ 9-10, Mr. Bells likewise raises several irrelevant distinctions.  Namely, that, unlike <u>Jones</u>, the assignment in the instant case took place years before the filing of the action, the assignment was for consideration due pursuant to the contract signed by the plaintiff and the defendants, the corporate entity was dissolved years before the instant action was filed, and the plaintiff dissolved the LLC and conducted business as a sole proprietor after the dissolution.  Again, the burdens placed on the court and Mr. Bell's adversaries are the primary considerations here.  See <u>Jones</u>, 722 F.2d at 22 ("The reasons for requiring an attorney to appear…are principally that the conduct of litigation by a nonlawyer creates *unusual burdens* not only for the party he represents *but as well for his adversaries and the court*.") (emphasis added).  The Court finds Mr. Bell's attempts to distinguish the present action from <u>Jones</u> fruitless.

At ¶¶ 12-19, Mr. Bell again attempts to challenge Magistrate Judge Eaton's rejection of his procedural arguments regarding the propriety of the letter notice of October 4, 2006.  Magistrate Judge Eaton already considered these procedural arguments and found them meritless. (Report and Recommendation ¶ 14).

At ¶¶ 20-23, Mr. Bell takes issue with Magistrate Judge Eaton's recitation of certain facts regarding the underlying commercial transaction in the case.  The Court notes that these issues will be appropriately resolved at any later stage of the litigation.

The issue presently under consideration concerns only whether Mr. Bell may proceed *pro se*.

At ¶¶ 28-38, Mr. Bell challenges the Magistrate Judge's consideration of the letter brief dated October 4, 2006, in which the defendants raised the <u>Jones</u> point.  He claims that such a letter falls outside of the allowable pleadings pursuant to Federal Rule of Civil Procedure 7(a).  He also argues that the letter brief "does not meet the requirements of Federal Rule of Civil Procedure 12(h)(2) in addition to being an untimely purported amendment to a motion."  However, the letter brief of October 4 brought to the Court's attention the impropriety of the plaintiff proceeding *pro se* in this action.  Just as a court has the inherent power to ensure the credentials of attorneys appearing before it, the well-established public policy behind the <u>Jones</u> rule demands that a court be able to consider the layperson status of a plaintiff representing the interests of a corporation at *any time*.  Moreover, as Magistrate Judge Eaton points out, the letter brief adding the <u>Jones</u> point was submitted before the due date for the defendant's reply brief.  (Report and Recommendation ¶ 17).  Magistrate Judge Eaton's treatment of the letter brief's <u>Jones</u> point as an additional point for dismissal under Federal Rule of Civil Procedure 12(b)(6) was, therefore, appropriate.

At ¶¶ 39-52, Mr. Bell suggests that the principles of waiver and estoppel allow him to proceed *pro se* in this case.  However, the integrity of the court is one of the primary considerations for curtailing such layperson representation of a corporation.  As the <u>Jones</u> court explained, "The reasons for requiring that an attorney appear…are principally that the conduct of litigation by a nonlawyer creates burdens not only for the party he represents but as well for his adversaries *and the court*."  722 F.2d at 22

3

(emphasis added). Defendants simply cannot waive a well-established policy that ensures the integrity of court processes.

We have considered all of Mr. Bell's arguments and find them without merit. The Court hereby adopts the Report and Recommendation of United States Magistrate Judge Douglas F. Eaton dated June 1, 2007. Mr. Bell is directed to cause an attorney to file a notice of appearance in this case by November 15, 2007. If an attorney has not filed such notice by November 15, the complaint will be dismissed without prejudice and with costs.

SO ORDERED.

Dated: October 10, 2007
New York, NY

_____
U.S.D.J.